ans
# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| JAMES H. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-4049-JAR |
| ) | |
| JO ANNE B. BARNHART, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER

Plaintiff James H. Green brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner of Social Security's denial of his application for a period of disability and disability insurance benefits under Title II of the Social Security Act (Act) and supplemental security income under Title XVI of the Act. According to plaintiff, defendant erred in failing to include any restrictions on plaintiff's ability to sit in his residual functional capacity assessment. As explained in more detail below, the Court rejects plaintiff's arguments and affirms defendant's decision.

## I.     Procedural Background

On March 12, 2001, plaintiff filed his application for a period of disability and disability insurance benefits; and on February 16, 2001, he protectively filed his application for supplemental security income. The applications claim disability since August 11, 2000, due to attention deficit disorder (ADD) and depression. The applications were denied initially and upon reconsideration. At

plaintiff's request, an administrative law judge (ALJ) held a hearing on May 14, 2003, at which both plaintiff and his counsel were present. On December 23, 2003, the ALJ rendered a decision denying all benefits on the basis that plaintiff was not under a "disability" as defined by the Act. Plaintiff requested review by the Appeals Council, but his request for review was denied. Thus, the ALJ's decision is the final decision of defendant.

## II. Standard of Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards.[1] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of defendant.[3]

## III. Relevant Framework for Analyzing Claim of Disability and the ALJ's Findings

"Disability" is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ."[4] The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

---

[1] *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).

[2] *Id*. (quoting *Castellano*, 26 F.3d at 1028).

[3] *Id.*

[4] *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (quoting 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (1982)).

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."[5]

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled,[6] and the ALJ in this case followed the five-step process. If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.[7] Step one determines whether the claimant is presently engaged in substantial gainful activity.[8] If he is, disability benefits are denied.[9] If he is not, the ALJ must proceed to the second step.[10] Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity and, thus, properly proceeded to the second step.

The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments."[11] This determination is governed by certain "severity regulations," is based on medical factors alone, and consequently, does not include consideration of such vocational factors as age, education, and work experience.[12] Pursuant to the severity regulations, the claimant must make a threshold showing that his medically determinable

---

[5]*Id.* (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (1982 & Supp. III 1985)).

[6]*See id.* (citing 20 C.F.R. §§ 404.1520, 416.920 (1986)).

[7]*Id*.

[8]*Id*.

[9]*Id*.

[10]*Id*.

[11]*Id*. (quoting *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987)).

[12]*Id*. (citing 20 C.F.R. §§ 404.1520(c), 416.920(c) (1986)).

3

impairment or combination of impairments significantly limits his ability to do basic work activities.[13] If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.[14] If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the ALJ proceeds to step three.[15] The ALJ in this case concluded that plaintiff satisfied the severity requirement based on the following impairments: attention deficit hyperactivity disorder; depression; and degenerative joint disease of the right knee with medial and lateral meniscus tears, chondromalacia, and chondromalacia patella, status post arthroscopy and partial medial meniscectomy and chondroplasty in January of 2002. Thus, the ALJ proceeded to step three.

In step three, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity."[16] If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits.[17] If not, the evaluation proceeds to the fourth step, where the claimant must show that the "impairment prevents [the claimant] from performing work he has performed in the past."[18] If the claimant is able to perform his previous work, he is not disabled.[19] With respect to the third step of

---

[13]*Id.* at 750-51 (citing 20 C.F.R. §§ 404.1521(b), 416.921(b) (1986)).

[14]*Id*. at 751.

[15]*Id.*

[16]*Id*. (citing 20 C.F.R. §§ 404.1520(d), 416.920(d) (1986); *Bowen v. Yuckert*, 482 U.S. at 141).

[17]*Id*.

[18]*Id*. (citing 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986); *Bowen v. Yuckert*, 482 U.S. at 141).

[19]*Id.*

the process in this case, the ALJ determined that plaintiff's impairments were not listed or medically equivalent to those listed in the relevant regulations. At the fourth step, the ALJ determined plaintiff's residual functional capacity (RFC) and concluded that plaintiff was able to perform his past relevant work as a telemarketer. Therefore the ALJ did not move to the fifth step, which is determining whether the claimant has the RFC "to perform other work in the national economy in view of his age, education, and work experience."[20]

## IV. Analysis of Plaintiff's Specific Arguments

Plaintiff contends that the ALJ erred in failing to include any restrictions on plaintiff's ability to sit in his RFC and in his hypothetical questions to the Vocational Expert (VE). He argues that the ALJ's function-by-function analysis of plaintiff's RFC was insufficient and that there was no narrative discussion of the facts that lead the ALJ to his RFC determination. The Court addresses these arguments in turn.

*A. ALJ's Question to the Vocational Expert*

Plaintiff argues that the ALJ's step four finding was erroneous because he relied on the answer to a hypothetical question posed to the VE that did not include any physical limitations on plaintiff's ability to sit. Plaintiff argues that this inadequate hypothetical question constitutes reversible error.[21] However, the Court agrees with defendant's argument that at step four, the ALJ need not even ask the

---

[20]*See id.* (quoting *Bowen v. Yuckert*, 482 U.S. at 142).

[21]*See Herron v. Bowen*, 788 F.2d 1127 (5th Cir. 1986); *O'Leary v. Schweiker*, 710 F.2d 1334 (8th Cir. 1983).

opinion of a VE.[22]  Yet in this case, because the ALJ relied on the VE's opinion when determining that plaintiff could return to his past work and because the ALJ's RFC determination was identical to the question he asked the VE, the Court will consider whether the ALJ's RFC determination was based on substantial evidence.  If so, his reliance on the VE's opinion as to whether plaintiff could return to his past work was valid.[23]

*B. RFC Determination*

Plaintiff argues that the ALJ's RFC determination was insufficient according to Social Security Ruling 96-8p, which states that when determining whether a claimant can work, an ALJ should first list the claimant's abilities according to a function-by-function analysis set out in 20 C.F.R. § 404.1545(b), (c), and (d).  This requires separate consideration "of seven strength demands: i.e. sitting, standing, walking, lifting, carrying, pushing, and pulling."[24]  This evaluation is important in a case like this where the ALJ finds plaintiff can return to his past work.[25]  At step four, "RFC must not be expressed initially in terms of the exertional categories of 'sedentary,' [or] 'light'. . . work because the first consideration

---

[22]*See Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994) (stating that "[d]ue to the ALJ's determination that claimant could return to her former work activities, he was under no obligation to seek additional information from a vocational expert."); *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992).

[23]*See Doyal v. Barnhart*, 331 F.3d 758, 761(10th Cir. 2003) (stating it is proper for the ALJ to rely on testimony from the VE as evidence when making his findings where he did not delegate the analysis to the vocational expert but quoted the VE's testimony approvingly in support of his own findings); *Gibson v. Barnhart*, No. 02-6337, 2003 WL 21702496, at *3 (10th Cir. July 23, 2003).

[24]Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *5.

[25]*See Fergueson v. Barnhart*, No. 02-7037, 2002 WL 31667969, at *2 (10th Cir. Nov. 27, 2002) (finding that the ALJ's RFC determination should have been more detailed at step four but it was not a reversible error because the ALJ found that plaintiff could not return to her past relevant work, and at step five the ALJ only needs to express the RFC in terms of exertional categories.)

at this step is whether the individual can do past relevant work as he or she actually performed it."[26] An ALJ's failure to first make a function-by-function analysis of plaintiff's limitations or restrictions could result in the ALJ overlooking some of plaintiff's limitations or restrictions.[27] Here, though, the ALJ made a function-by-function analysis of plaintiff; he just failed to mention any limitation on plaintiff's ability to sit. Plaintiff argues that the ALJ's opinion is invalid because he did not discuss this function.

When stating plaintiff's physical RFC, the ALJ determined:

> The claimant cannot lift and/or carry more than 25 pounds frequently or more than 50 pounds occasionally. He cannot stand or walk more than 15 minutes at a time, or more than 2 hours total in an 8 hour work day. The claimant can only occasionally stoop, squat, crouch, crawl, kneel or climb.

The only evidence regarding plaintiff's ability to sit is his own testimony that he can sit for only 15 to 30 minutes at a time. The ALJ found his testimony not credible, and plaintiff has not challenged the ALJ's credibility analysis. The ALJ does not have to include limitations based on plaintiff's testimony alone.[28] Nowhere in his brief did plaintiff argue that the medical evidence proved he was limited in his ability to sit. The ALJ noted that plaintiff had not been regularly treated for his physical problems since August 2000, except for knee surgery in January 2002. The ALJ also noted that plaintiff had no follow up treatment for knee pain since that surgery.

The ALJ appropriately considered the objective medical evidence in the record, and found no need to include a limitation on sitting. Although the ALJ's opinion would have been more thorough if he

---

[26] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *3.

[27] *Id.* at *4.

[28] *See Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (citing *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990)).

had specifically addressed this function, the fact that he did not include a limitation on sitting shows that he did not believe plaintiff to be limited in this activity. He did not merely state an exertional level at which he believed plaintiff could perform work, he addressed each function for which he believed plaintiff had limitations.

Plaintiff further argues that the ALJ's step four evaluation was insufficient because the ALJ did not mention what evidence he relied on when reaching his conclusion that plaintiff could perform the physical and mental tasks required of his prior work as a telemarketer. But, in accordance with the requirements and after reviewing the evidence from the record, the ALJ properly determined: (1) plaintiff's RFC; (2) the physical and mental requirements of plaintiff's past work by considering the VE's opinion on the exertional level of plaintiff's past work; and (3) based on the VE's testimony, that plaintiff's RFC would allow him to perform his past work as a telemarketer.[29] The Court finds that the ALJ's findings are supported by substantial evidence.

In sum, after carefully reviewing the record in this case and considering all of plaintiff's arguments in light of the record, the Court concludes that substantial evidence supports defendant's decision to deny plaintiff's application for disability benefits and that no deviation from established legal standards occurred.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for judgment is **denied** and defendant's decision denying plaintiff disability benefits is affirmed.

**IT IS SO ORDERED.**

---

[29]*See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

Dated this 7th day of April, 2005, at Topeka, Kansas.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge